[No. 18966.   Department Two.   March 24, 1925.]

O. J. HART, *Respondent*, v. GAINES TUTTLE, *as Admin-istrator, Appellant.*[1]

CARRIERS (24, 30)—INJURY TO GOODS—REFUSAL TO ACCEPT DE-LIVERY—CONVERSION—RIGHTS AND LIABILITIES OF PARTIES. Where a shipment of household goods was partly lost and damaged in a wreck, it is the duty of the owner and consignee to reduce the amount of his damage by accepting goods tendered at the agreed upon place, and he cannot abandon them and claim a conversion by the carrier.

SAME (30-1)—ACTION FOR DELAY OR LOSS—DEFENSES. In an action against a carrier for the loss of and damage to goods shipped, stored for the consignee on his refusal to accept delivery, it is proper to take from the jury the question of whether the shipper was a gratuitous bailee.

Appeal from a judgment of the superior court for Chelan county, Clifford, J., entered November 20, 1923, upon the verdict of a jury rendered in favor of the plaintiff for $1,642.25, in an action for the value of goods lost in shipment. Reversed, unless $900 is remitted.

*O. P. Barrows,* for appellant.

*Hughes & Wallace,* for respondent.

MACKINTOSH, J.—The respondent made a shipment of some household goods on a boat owned by the appellant and operated on Lake Chelan. The goods were delivered to the carrier at Stehekin, at the north end of the lake, to be transported to Manson, at the south end. On the voyage the boat was wrecked, some of the respondent's goods were lost and the remainder was recovered from the water. The recovered portion was taken to the appellant's warehouse at Lakeside, where it still is. The respondent came to Lakeside on

[1]Reported in 234 Pac. 19.

several occasions and took some of the goods, the exact
amount being in dispute. There is an open wharf at
Manson, whereas at Lakeside, which is a landing not
far from Manson, there are proper facilities for taking
care of the shipment. The testimony shows that the
respondent refused to accept the damaged shipment at
Manson, and that the appellant did what was necessary
to protect the goods and has the greater portion of
them ready to deliver to the respondent. The jury re-
turned a verdict in the full amount of the claim—
$1,642.25.

The appellant first urges that the court improperly
instructed the jury, in effect, that the appellant had
converted the respondent's goods by failing to deliver
them, and that, under such circumstances, the respond-
ent was entitled to their value; and urges that the court
should have given a requested instruction to the effect
that the shipper had no right to abandon the goods
and refuse to take delivery, although they were in a
damaged condition, if delivery was offered at a place
to which the shipper had consented that delivery might
be made. These requested instructions properly stated
the law applicable to the situation. As this court said,
in *Beedy v. Pacey*, 22 Wash. 94, 60 Pac. 56:

"The ordinary duty of a carrier, where the consignee
refuses to receive the goods shipped, is to store them
either in his own warehouse or that of some respon-
sible third party, notify the shipper or owner of such
refusal, and hold them for a reasonable time subject
to further orders. But if the shipper be the owner and
consignee, no such duty is imposed on the carrier. The
refusal of the owner to accept the goods, under such
circumstances, constitutes an abandonment of the
goods, and the owner is estopped from afterwards as-
serting that the carrier has converted them, no matter
what disposition the carrier makes of them. The owner

cannot make a sale of his goods to the carrier in that way."

This but expresses the legal and moral duty of one who is seeking recovery for another's wrong that he minimize his damages. The testimony shows that the respondent consented to delivery not being made at Manson and that he acquiesced in the goods being taken to Lakeside. It was his duty to have accepted them at the latter place and to reduce the amount of his claim for damages by the value of the goods so delivered.

Error is also assigned on the court's taking away from the jury the question of whether the appellant was a gratuitous bailee. We find no error in this.

Objection is also made to the instructions as to the measure of damages. The instruction was possibly erroneous, but was more favorable to the defendant than otherwise.

We are satisfied from an examination of the record that the verdict returned by the jury was exorbitant, and unless the respondent will consent to a reduction of the amount of the verdict to the sum of $900 and accept the goods at Lakeside, the trial court is instructed to grant a new trial.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.